```
                      UNITED STATES BANKRUPTCY COURT
                    FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                           )
                                 )      Chapter 7
MATTHEW J. SMITH,                )
                                 )      Bankruptcy No. 05-05398 C
     Debtor.                     )
                                 )
```

**ORDER RE: MOTION TO COMPEL TURNOVER OF
REAL ESTATE SALES COMMISSIONS**

This matter was heard on October 16, 2008. Trustee Renee Hanrahan was represented by Attorney Paula Roby. Attorney John Titler represented Debtor Matthew J. Smith. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

**STATEMENT OF THE CASE**

Trustee seeks turnover of real estate commissions pursuant to 11 U.S.C. § 541(a)(1) and § 542(a). She alleges that Debtor earned these commissions prior to filing bankruptcy and they are property of the estate.

**FINDINGS OF FACT**

Debtor filed his bankruptcy petition on October 6, 2005. He is a self-employed real estate agent working as an independent contractor for the Frazier Realty Group. At the time Debtor filed his Chapter 7 petition, he represented buyers in the sales of two properties. He also had entered into a listing contract on a third property for which he had not found a buyer.

The buyers and sellers of property identified as 84 Acres Southview Lane entered into a purchase contact on May 9, 2005. (Trustee's Ex. 2.) After the contract was signed and after Debtor filed his bankruptcy petition, Debtor performed additional work to ensure the closing was completed. He worked with the buyer to obtain the proper zoning so the property could be developed as planned. The contract of sale was renewed at least once. While Debtor testified that closing occurred in June 2006, this testimony is inconsistent with exhibits which show he received the commission of $35,100 on May 12, 2006. (Trustee's Ex. 2.)

The buyer and seller of property at 1295 Curtis Bridge Road entered into a purchase contract on May 23, 2005. The sale of this property was tied to the closing of 84 Acres Southview Lane. Debtor received a commission of $5,940 on June 28, 2006 for representing the buyer in the sale which closed roughly one month after the closing of the sale of the 84 Acres property. (Trustee's Ex. 1.)

Debtor entered into a Residential Listing Contract on June 18, 2005 with the owners of property located at 3817 Waterview Court SW. The buyers and sellers entered into a purchase contract for that property on November 18, 2005. Debtor received a commission of $3,035 on January 5, 2006 for representing the sellers in the sale. (Trustee's Ex. 3.)

**CONCLUSIONS OF LAW**

Upon the filing of a bankruptcy petition, an estate is created which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). An entity in possession of property of the estate "shall deliver to the trustee, and account for, such property." 11 U.S.C. § 542(a).

When determining whether post-petition income of the debtor belongs to the bankruptcy estate, the relevant question is whether that income was earned pre-petition. In re Parsons, 280 F.3d 1185, 1188 (8th Cir. 2002) (Parsons I). "[E]arnings from services performed by an individual debtor after the commencement of the case" are excepted from being designated as property of the estate under § 541(a)(6). Id. The determination is complicated when it is ambiguous whether the debtor provided services pre- or post-petition. Compare Parsons I, 280 F.3d at 1188 (holding commission was earned pre-petition when buyer was found, despite significant post-petition efforts); with In re Zahneis, 78 B.R. 504, 505 (Bankr. S.D. Ohio 1987) (commission was not earned pre-petition when no buyer had been located). Most courts considering this question have concluded that if a debtor substantially fulfills an obligation and becomes entitled to earnings prior to filing the petition, the post-petition income is property of the estate. See, e.g., Parsons I, 280 F.3d at 1188; Zahneis, 78 B.R. at 505 (finding debtor had not become entitled to commission at time of filing).

This is true even where the debtor can demonstrate that a significant portion of the work was performed post-petition. Parsons I, 280 F.3d at 1188. The court in Parsons I determined that the debtor had earned the commission when she produced a

2

buyer who was ready, willing and able to buy.  Id.  This was true despite the fact that the debtor had "worked hard to ensure that all sales closed by scheduling inspections, applying for title work, ensuring that buyers were qualified, and negotiating contract changes between buyers and sellers."  Id. at 1187.  It reasoned that none of the real estate contracts were contingent on closing or on the realtor's continued services after procuring a buyer so the debtor earned the commission when it produced the buyer, pre-petition.  Id.

State law applies to matters of property rights within bankruptcy.  See In re Parsons, 262 B.R. 475, 479 (B.A.P. 8th Cir. 2001), aff'd Parsons I, 208 F.3d 1185 (8th Cir. 2002). Under Iowa law, a broker acting as a seller's agent earns a commission for listing a property by producing a purchaser who is "ready, willing and able to buy."  McCulloch Investment Co. v. Spencer, 67 N.W.2d 924, 926 (Iowa 1955).  This is a rule of long standing under Iowa law.  See, e.g., id. (finding "ready, willing and able" purchaser had not been located where initial offer was declined and agent abandoned further negotiations); Smith v. Eells, 184 N.W. 385, 387 (Iowa 1921) (agent was not required to return commission when contract of sale was mutually rescinded by buyer and seller); Jones v. Ford, 134 N.W. 569, 571-72 (Iowa 1912) (approving a jury instruction stating that plaintiff had earned a commission where he "procured a purchaser able, ready, and willing to purchase upon terms acceptable to defendant.").

Although Iowa courts have not directly addressed when a buyer's agent earns a commission, they have concluded that an agent also becomes entitled to a commission when he or she "effect[s] a binding contract of sale."  Ducommun v. Johnson, 110 N.W.2d 271, 273 (Iowa 1961); see also Cortright v. Pettit, 461 N.W.2d 202, 206 (Iowa App. 1990) (finding agent entitled to commission upon buyer and seller signing contract of sale).

At least one bankruptcy court has directly held that if a debtor files a bankruptcy petition when a listing contract is in effect but no buyer has yet been found, any commission later owed to the debtor from that listing is not property of the estate. Zahneis, 78 B.R. at 505.  The court reasoned that the commission had not arisen pre-petition because the commission was dependent upon the continued post-petition services of the debtor in finding a buyer.  Id.  This result is consistent with Iowa law which holds a commission is earned when a buyer has been found who is ready, willing and able to buy.  Parsons I, 280 F.3d at 1188.

3

## ANALYSIS

The buyers and sellers of both the property located at 1295 Curtis Bridge Road and at 84 Acres Southview Lane finalized purchase contracts before Debtor filed his Chapter 7 petition. Debtor was entitled to the commission when the contracts were finalized. This event caused the commissions to be property of the estate even though payment was made post-petition. Accordingly, the sums of $5,940 and $35,100 are subject to turnover.

The sellers of 3817 Waterview Court and Debtor had entered into an exclusive listing contract for that property before Debtor filed his petition. Debtor had not yet found a buyer who was "ready, willing, and able" to buy the property. Had he failed to find a buyer, the listing contract would have expired and he never would have become entitled to a commission.

Debtor became entitled to the commission when he found a buyer and that buyer entered into a sales contract with his client. This occurred on November 11, 2005, after Debtor filed his bankruptcy petition. Therefore, the commission related to the property at 3817 Waterview Court is not property of the estate and not subject to turnover.

## CONCLUSION

Trustee has established by a preponderance of evidence that at the time Debtor filed his Chapter 7 petition he was entitled to $41,040 in commissions for two of the properties. Those funds are property of the estate and subject to turnover. The third commission was earned post-petition and is not property of the bankruptcy estate.

**WHEREFORE,** Trustee's Motion for Turnover is GRANTED IN PART AND DENIED IN PART.

**FURTHER,** Debtor must turn over $41,040 in real estate commissions to the Trustee.

**FURTHER,** judgment shall enter accordingly.

Dated and Entered: October 31, 2008

_____
Paul J. Kilburg
Chief Bankruptcy Judge